UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
PATRICIA AUSTIN,

                             Plaintiff(s),                <u>REPORT AND RECOMMENDATION</u>

      -against-                                      CV 04-2324 (DRH) (ETB)

HOME DEPOT U.S.A., INC.,

                             Defendant(s).
-------------------------------------------------------------------X

TO THE HONORABLE DENIS R. HURLEY, United States District Judge:

      Plaintiff's counsel in this action, Bauman, Kunkis & Ocasio-Douglas, P.C., by order dated March 30, 2005, was relieved from any further professional responsibility with respect to the legal representation of the plaintiff, based on the plaintiff's failure to communicate with counsel and refusal to cooperate with counsel in the prosecution of this action. <u>See</u> correspondence of Ylber Albert Dauti, Esq., dated February 10, 2005.

      Additionally, the plaintiff was directed by the undersigned on two occasions to be present in court in connection with her counsel's application to be relieved in order to ensure that the plaintiff was afforded the opportunity to be heard in opposition to the motion. <u>See</u> orders, dated March 2, 2005 and March 16, 2005. When the court became aware on March 16, 2005 that the plaintiff had not been notified to appear and not been provided with a copy of the application, the motion was adjourned to today, and counsel was directed to notify the plaintiff of the application and the order to appear. Notwithstanding such notice, plaintiff has failed to communicate with either the court or with her counsel. In addition, she has failed to appear in court today as directed by order, dated March 16, 2005.

      I further note that there is now pending before the court an undecided motion to dismiss on the grounds

1

of <u>res judicata</u>. The facts do not appear to be in dispute as to this issue. The same action was conditionally dismissed in the Supreme Court of the State of New York, Suffolk County, by Order of Justice W. Bromley Hall, dated June 25, 2002. That dismissal order is annexed to defendant's notice of motion at Exhibit H. Since it is a conditional order of dismissal, the order provides that in the event that plaintiff fails to provide the directed discovery, "it will be evidence of willful disregard of court orders warranting more drastic sanctions. CPLR 3126." (Order of W. Bromley Hall, J.S.C., dated June 25, 2002). This dismissal order was predicated upon a prior discovery order, dated March 18, 2002, wherein the plaintiff was directed to provide specific discovery. <u>See</u> order, dated March 18, 2002, annexed to defendant's motion at Exhibit G. The final order of dismissal, dated November 6, 2002 by W. Bromley Hall, J.S.C., is annexed to defendant's motion at Exhibit I.

No opposition had been submitted to this motion. Defendant requests dismissal, pursuant to Rules 41(b) and 12(c), Fed. R. Civ. P. The plaintiff has been afforded to May 1, 2005 to serve and file opposition to the written motion to dismiss and to show cause why this action should not be dismissed, pursuant to Rule 41(b), Fed. R. Civ. P. Plaintiff has failed to file any response.

## DISCUSSION

A.  <u>Failure to Comply and Apparent Abandonment</u>

Rule 41(b), in relevant part, states:

> For the failure to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal. . . .

The plaintiff has repeatedly failed to comply with the orders of the court and has failed to prosecute this action by her failure/refusal to communicate with her retained counsel.

B. <u>Res Judicata - Motion to Dismiss</u>

This is a diversity action. This court, therefore, is obliged to apply New York law to this personal injury action.

A dismissal, pursuant to a conditional order pursuant to CPLR 3126, "should be given <u>res judicata</u> effect in order to prevent the plaintiff from circumventing the preclusion decree." <u>Barrett v. Kasco Construction Co., Inc.</u>, 452 N.Y.S.2d 566, 56 N.Y.2d 830 (1982). This result follows even though the prior judgment "does not specifically recite that it is on the merits. . . ." <u>Id.</u>

## RECOMMENDATION

For the foregoing reasons, this action should be dismissed, with prejudice, pursuant to Rules 41(b) and 12(c), Fed. R. Civ. P.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within 10 days of the date of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>IUE AFL-CIO Pension Fund v. Herrmann</u>, 9 F.3d 1049, 1054 (2d Cir. 1993), <u>cert. denied</u>, 115 S.Ct. 86 (1994); <u>Frank v. Johnson</u>, 968 F.2d 298 (2d Cir.), <u>cert. denied</u>, 113 S.Ct. 825 (1992); <u>Small v. Secretary of Health and Human Serv.</u>, 892 F.2d 15, 16 (2d Cir. 1989)(<u>per curiam</u>).

Dated: Central Islip, New York
       May 4, 2005

                                                  /s/ E. Thomas Boyle

E. THOMAS BOYLE
United States Magistrate Judge